EASTERN DIS.
*May,* 1841.

HALL
*vs.*
GAIENNIE ET AL.

## HALL *vs.* GAIENNIE ET AL.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF

NEW ORLEANS.

Where a partner accepts a draft in the name of the firm, but which is for his individual benefit, on payment, the other partner may be subrogated to the creditor's rights and recover the amount from his co-partner.

This case comes up from a judgment dissolving an injunction which L. R. Gaiennié had obtained to arrest and enjoin an execution, taken out against him for $1717 56, and costs, in the name of the plaintiff, who had been paid his debt by C. Deneufbourg, and subrogated the latter to all his rights against Gaiennié.

The evidence shows that while Gaiennié and Deneufbourg were commercial partners, Gaiennié accepted a draft drawn by one C. M. Dougherty on said firm, which was for his individual benefit. The plaintiff being the holder of this draft, sued the firm after its dissolution; obtained judgment and issued execution, which was stayed by plaintiff, and Deneufbourg paid the amount and was subrogated to Hall's right in the said judgment. Gaiennié in the meantime appealed to the Supreme Court but was not joined by his co-partner and co-defendant. See the case in 15 La. Rep., 439.

Deneufbourg sued out a second execution against Gaiennié for the whole amount. The latter enjoined it, alleging he was liable for only one-half.

Deneufbourg replied that the draft accepted by Gaiennié was for his individual benefit and he alone is bound to pay and refund the amount thereof.

There was judgment for the plaintiff, dissolving the injunction with damages and Gaiennie appealed.

*Canon,* for the plaintiff and appellee.

*C. Janin,* for L. R. Gaiennié, appellant.

*Morphy, J.* delivered the opinion of the court.

Gaiennié, one of the defendants appealed from a judgment *in solido* against him and his former partner and co-defendant, Deneufbourg; this appeal has been disposed of at a former term of this court; see 15 La. Rep., 439. During the pendency of this appeal, an execution issued against Deneufbourg, who had not joined in it. He paid the amount of the debt and received from Hall a subrogation to all his rights under the judgment. Being thus subrogated, Deneufbourg took out a *fieri facias* against Gaiennié for the whole sum. The latter enjoined the execution of this writ on the ground that he was liable only for one-half of the amount of the judgment which he avers that he offered to pay provided he obtained a full discharge of the claim. To the petition of Gaiennié suing out this injunction, Deneufbourg, as transferree of Hall's rights and in his own name, answered that Gaiennié was liable for the whole amount of the judgment in question, because the draft on which it had been obtained, though apparently accepted by the firm of Gaiennié & Deneufbourg, was not really due by said firm; it being for a private transaction of said Gaiennié, which does not appear in the books of the partnership, and that it ought to have been paid by said Gaiennié alone. The answer concludes with a prayer for the dissolution of the injunction and for damages. Upon these pleadings the parties went to trial below. Deneufbourg obtained a judgment in his favor, from which the plaintiff in injunction appealed.

The parties to this controversy having gone into the merits of the same without any objection as to the form and manner of proceeding in the premises, the only question presented is whether L. R. Gaiennié accepted Dougherty's draft for the business of the firm or not, or in other words whether the firm owed the draft or whether it was due by Gaiennié alone.

An attentive examination of the evidence has satisfied us as it did the judge of the court below, that although made in the name of the firm by Gaiennié, the acceptance on Dougherty's draft was for his individual benefit and account; and not for that of the firm. After paying the draft for which the firm

Where a partner accepts a draft in the name of the firm, but which is for his individual benefit, on payment the other partner may be subrogated to the creditor's rights and recover the amount from his co-partner.

EASTERN   DIS. was responsible to a *bonâ fide* holder, Deneufbourg, under his
*May*, 1841. subrogation from Hall, has an undoubted right to recover back

STATE      from Gaiennié the whole amount paid, for which the latter was
*vs.*
JUDGE OF THE alone and individually bound.
THIRD DISTRICT.

The judgment of the Parish Court is therefore affirmed
with costs.